﻿Citation Nr: 19172639
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 14-22 271
DATE: September 18, 2019

ORDER

Entitlement to service connection for tinnitus is denied.

REMANDED

Entitlement to service connection for degenerative joint disease of the left knee is remanded.

Entitlement to service connection for bilateral hearing loss is remanded.

FINDING OF FACT

The Veteran’s tinnitus was not incurred in or caused by military service. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus are not met. 38 U.S.C. § §§ 1110, 1131, 5107; 38 C.F.R. § §§ 3.102, 3.303, 3.307, 3.309. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1966 to October 1969 and a period of pertinent inactive duty for training (INACDUTRA) in May 1992.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a July 2011 rating decision issued by a Regional Office (RO) of the Department of Veterans Affairs (VA).

The Veteran testified at a February 2017 Travel Board hearing before the undersigned Veterans Law Judge (VLJ). The hearing transcript is included in the record. See February 2017 Hearing Transcript. 

This matter was previously remanded by the Board in January 2018. 

Legal Criteria 

A veteran is entitled to VA disability compensation if there is disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C. § § 1110.

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Tinnitus is recognized by VA as a chronic disease under 38 C.F.R. § § 3.303(b). Where a chronic disease is shown as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected unless clearly attributable to intercurrent causes. 38 C.F.R. § § 3.303(b). 

Additionally, for certain chronic diseases with potential onset during service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. § §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § § 5107(b).

Entitlement to service connection for tinnitus.

The Veteran contends that he is entitled to service connection for tinnitus as a result of in-service noise exposure. 

The Veteran has a current disability of tinnitus. See March 2019 C&P Exam. However, as discussed below, the preponderance of the most persuasive evidence of record does not establish a nexus between the Veteran’s current disability and an in-service injury or event. 

During his August 1969 separation exam, the Veteran was noted to have clear fluid in the left ear and otitis media with conductive hearing loss; however, no symptoms of tinnitus were noted. See December 2010 STR-Medical at 22. Similarly, service treatment records note symptoms of a left earache with a subsequent diagnosis of external otitis in October 1968 but there are no complaints or diagnosis of tinnitus or tinnitus related symptoms at any time during service. 

Post-service, there are no complaints of tinnitus until August 1987 more than two decades after the Veteran’s active duty service. At this time, he reported occasional tinnitus. See December 2010 STR-Medical. 

During a May 2011 private audiological examination, the Veteran reported that he began experiencing occasional temporary tinnitus in service during basic training, but it always resolved after the noise stopped. The Veteran further reported that his tinnitus did not reoccur until 1993. See May 2011 Medical Treatment Record- Non Government Facility at 3. 

In May 2011, a VA examiner opined that the Veteran’s tinnitus was less likely than not related to his military service, because the evidence of record, including the Veteran’s claim file notes that the Veteran did not report hearing loss or tinnitus until many years after service. See May 2011 VA examination. Weight is afforded to this opinion as it is supported by the evidence of record which shows no reports of tinnitus until August 1987. 

The Veteran was provided a new VA examination for hearing loss and tinnitus in March 2019. The Veteran reported that his tinnitus began gradually in 1998 and continued to get worse; he endorsed current symptoms of constant tinnitus bilaterally. See March 2019 C&P Exam at 6. The examiner opined that the Veteran’s tinnitus was less likely than not (less than 50%) related to his military service, based on the Veteran’s report during the VA examination that his tinnitus began in 1998, well after his separation from service. 

The Board notes that during his February 2017 Board hearing, the Veteran alleged that his tinnitus began in service and was intermittent, until the 1990s when it was continual. The Veteran is competent to testify about the onset of his symptoms however, the Veteran’s statements that his tinnitus began in service are inconsistent with his March 2019 VA examination contentions and are not supported by the record which shows no reports of tinnitus in service and no reports of tinnitus post service until August 1987. The Board affords the contemporaneous (August 1987) evidence more probative value. Based on the inconsistencies and the evidence of record, less weight is afforded to the Veteran’s statements with respect to the onset of his tinnitus. 

Thus, based on the evidence of record which shows no complaints of tinnitus during active duty military service, post service treatment records which show no complaints of tinnitus until August 1987 and the VA examiner’s finding of no nexus between the Veteran’s current disability and an in-service injury, entitlement to service connection for tinnitus is denied. 

REASONS FOR REMAND

Entitlement to service connection for degenerative joint disease of the left knee is remanded.

In May 1992, during a period of INACDUTRA the Veteran injured his knee, resulting in complaints of swelling, pain and tenderness to the left knee; the examiner noted that the Veteran’s injury appeared to be an exacerbation of a previous knee injury. The diagnosis was medial meniscal tear. See December 2010 STR-Medical at 10, 11. 

Post-service, treatment records note a knee disability with April 2017 imaging noting severe degenerative changes, loose bodies, knee joint effusion and genu varum. See July 2018 CAPRI at 30. 

The Veteran was afforded a VA examination in March 2019. The examiner noted that the Veteran had a diagnosis of left knee joint osteoarthritis which was diagnosed in April 2017 and an unspecified left knee tear of the meniscus, diagnosed in 2019. See March 2019 C&P Exam at 3, 4. The VA examiner opined that “the original diagnosis at the time of his injury of medial meniscal tear of the left knee is at least as likely as not that his medial meniscal tear was aggravated beyond its natural progression by an in-service injury, event, or illness including a two-mile run that took place during INACDTURA in May 1992.” See March 2019 C&P Exam. 

This opinion is inadequate and appears to be based on an inaccurate factual premise. 

First, the record does not substantiate a finding of a current disability of meniscal tear. March 2017 and June 2018 treatment records note that the Veteran underwent a meniscal repair in 1995. See July 2018 CAPRI at 15. Further, during the March 2019 VA examination, the examiner notes that no imaging studies of the knee were performed during the exam and notes that April 2017 imaging of the left knee notes severe degenerative change with loose body and genu varum which supports left knee degenerative condition. See March 2019 C&P Exam at 12. This evidence does not establish a current left knee meniscal tear. 

Additionally, the examiner does not address whether the Veteran’s current disability of degenerative joint disease is related to his May 1992 injury. An addendum opinion is warranted to determine whether there is a nexus between the Veteran’s May 1992 injury and his current left knee degenerative joint disease. 

Entitlement to service connection for bilateral hearing loss is remanded.

July 1969 service treatment records note that the Veteran had definite hearing loss. August 1969 service treatment records note left ear otitis media in July 1969 and hearing loss by audiometry one month after therapy. See December 2010 STR at 71, 72. 

The Veteran’s August 1969 audiogram was conducted based on ASA standards. Since VA’s current definition for a hearing loss disability, found at 38 C.F.R. § § 3.385, is based on ISO-ANSI units, military audiograms must be converted from ASA to ISO-ANSI units prior to making findings related to a claimed hearing loss disability. The Veteran’s audiogram results were as follows: 

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 (10) 0 (-10) 0 (-10) 15 (5) 15 (10)

LEFT 15 (5) 0 (-10) 15 (5) 30 (20) 30 (25)

The ASA standards (in parentheses) have been converted to ISO-ANSI standards. 

September 1969 service treatment records note mild low tone hearing loss, bilaterally. Further, an August 1987 examination during the Veteran’s Reserve service notes a history of bilateral hearing loss since exposure to gun shots in the military in 1969. See December 2010 STR at 37.

Post-service, the Veteran underwent an audiological evaluation in May 2011. See May 2011 Medical Treatment Record- Non-Government Facility at 7. 

The Veteran was afforded VA examination in March 2019. See March 2019 C&P Exam. Based on audiogram results the examiner diagnosed the Veteran with bilateral sensorineural hearing loss. The examiner opined that the Veteran’s hearing loss was not at least as likely as not caused by or as a result of an event in military service. As supporting rationale, the examiner noted that the Veteran did not report hearing loss or tinnitus to VA while in active duty, and although his 1983 Army Reserve enlistment audiogram showed mild high frequency symmetrical hearing loss in both ears, this is very typical of presbycusis for the Veteran’s age at that time. The examiner also noted there was no evidence of noise notching or difference across ears. 

Despite the examiner’s rationale it is unclear whether he considered the August 1969 audiogram, which appears to reflect some degree of hearing loss. An addendum opinion is warranted. 

The matters are REMANDED for the following action:

1. Obtain an addendum to the March 2019 opinion with respect to the Veteran’s left knee. The examiner is asked to clarify whether the Veteran had a diagnosis of left knee unspecified tear unspecified meniscus as reflected on the March 2019 VA examination. The examiner is asked to opine whether it is at least as likely as not that any current left knee disability (to include degenerative arthritis, residuals of any knee surgery, current meniscus tear, etc.) is etiologically related to the May 1992 diagnosis of left knee medial meniscal tear.

2. Obtain an addendum to the March 2019 opinion with respect to the Veteran’s hearing loss. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including the Veteran’s in-service noise exposure such as hearing gunshots and working in a boiler room.

In rendering an opinion, the examiner should consider all evidence of record including the Veteran’s August 1969 audiological exam (conversions from ASA to ISO noted in the body of the Remand), which appears to reflect some degree of hearing loss. 

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Wimbish, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § § 20.1303.